1
2
3
4
5
6                          UNITED STATES DISTRICT COURT
7                                DISTRICT OF NEVADA
8                                      * * *
9    ARTURO T. OCHOA,                        Case No. 3:14-cv-00136-MMD-WGC
10                            Plaintiff,                    ORDER
         v.
11
     A. SUNDAY, et al.,
12
                              Defendants.
13

14        This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by

15   a state prisoner. On March 26, 2014, this Court issued an order denying Plaintiff's

16   application to proceed *in forma pauperis* because Plaintiff had "three strikes" pursuant

17   to 28 U.S.C. § 1915(g). (Dkt. no. 3 at 1-2.)  The Court informed Plaintiff that if he did not

18   pay the $400.00 filing fee in full within thirty (30) days of the date of that order, the Court

19   would dismiss the action without prejudice. (*Id.* at 2.)  The thirty-day period has now

20   expired and Plaintiff has not paid the full filing fee of $400.00.

21        District courts have the inherent power to control their dockets and "[i]n the

22   exercise of that power, they may impose sanctions including, where appropriate . . .

23   dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829,

24   831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's

25   failure to prosecute an action, failure to obey a court order, or failure to comply with

26   local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for

27   noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir.

28   1992) (dismissal for failure to comply with an order requiring amendment of complaint);

*Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor — public policy favoring disposition of cases on their merits — is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Plaintiff to pay the full filing fee within thirty days expressly stated: "It is further ordered that this action will be dismissed without prejudice unless Plaintiff pays the $400.00 filing fee in full within thirty (30) days of entry of this order." (Dkt. no. 3 at 2.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order to pay the full filing fee within thirty (30) days.

It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to pay the $400.00 filing fee in compliance with this Court's March 26, 2014, order.

It is further ordered that the Clerk of Court shall enter judgment accordingly.

DATED THIS 30th day of April 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE